# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| MITOCHON PRACTICE MANAGEMENT SYSTEMS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE TECHNOLOGY AALIANCE, LLC, ET AL.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13CV177DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on the HTA Defendants' Motion to Dismiss Richard J. Nielsen and RJ Nielsen Family Partnership LLC's ("Nielsen Parties") Crossclaim. The motion is fully briefed. The court does not believe a hearing would significantly aid in its determination of the motion.

On August 9, 2013, the court signed an order granting the withdrawal of counsel for the Nielsen Parties. The court's Order required Richard Nielsen to appear or appoint counsel, and required RJ Nielsen Family Partnership to appoint counsel, within 21 days. That deadline would have required such action by September 3, 2013.

The Nielsen Defendants missed the September 3, 2013 deadline and did not have new counsel appear until October 23, 2013. New counsel for the Nielsen Defendants states that the Nielsen Defendants had difficulty retaining new counsel because of the assertions made by their

1

prior counsel that they were not current in paying their counsel.

On October 9, 2013, prior to the entrance by the Nielsen Defendants' new counsel, the HTA Defendants filed the present Motion to Dismiss. The HTA Defendants' Motion to Dismiss is brought under Federal Rule of Civil Procedure 16(1), which allows the court to dismiss an action in whole or in part as a sanction for a party's non-compliance with a pretrial court order.

The court finds no basis for imposing a sanction against the Nielsen Defendants. Although they should have communicated their difficulties in retaining counsel to the court in a more timely fashion, the delay has been minimal. Had the court been aware of their difficulties, the court would have granted an extension to find new counsel. It should be apparent to everyone in the litigation that a party in bankruptcy may have difficulties in finding new counsel for this separate action. The court finds no grounds for finding prejudice against the HTA Defendants based on a less than two month delay in the litigation. The initial pretrial conference is not set until November 13, 2013. Therefore, no deadlines have been missed. In fact, none have even been set. Accordingly, the HTA Defendants' Motion to Dismiss Crossclaim is DENIED.

DATED this 4th day of November, 2013.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge